UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JEREMY L. DALE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:22-cv-00193-JMS-MG |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Respondent. ) | |

**Order Dismissing Petition for a Writ of Habeas Corpus Without Prejudice, Directing Final Judgment, Resolving Pending Motions, and Denying Certificate of Appealability**

Petitioner Jeremy Dale's 28 U.S.C. § 2254 petition for a writ of habeas corpus challenges his 2005 Marion County, Indiana criminal convictions for robbery, criminal confinement, battery, and carrying a handgun without a license, case number 49G01-0311-FA-19764. Dkt. 10-5. For the reasons explained in this Order, the respondent's motion to dismiss, dkt. [10], is **GRANTED**, and this action is **DISMISSED without prejudice**. Additionally, Mr. Dale's pending motions, dkts. [13], [14], and [15], are **DENIED**.

**I. Dismissal of Petition**

Mr. Dale raises four grounds in his petition, each related to his claim that his trial counsel was ineffective.[1] Dkt. 1 at 1-14. The respondent moves to dismiss Mr. Dale's petition with prejudice because it is barred by the statute of limitations, or in the alternative, to dismiss the petition without prejudice because Mr. Dale has failed to exhaust his state-court remedies. Dkt. 10.

---

[1] Mr. Dale argues that his trial counsel was ineffective for (1) failing to challenge or investigate the falsehoods made in the probable cause affidavit; (2) failing to suppress suggestive out of court and in court identification; (3) failing to make contemporaneous objections to the admissibility of identification evidence for preservation on appeal; and (4) failing to object to prosecutorial misconduct for the prosecution's use of a witness' perjured testimony. Dkt. 1 at 1-14.

Though the Court acknowledges the statute of limitations argument below, the Court finds the exhaustion argument is dispositive and resolves the respondent's motion to dismiss on that basis.

**A. Procedural History**

On July 13, 2006, the Indiana Court of Appeals affirmed Mr. Dale's convictions, *Dale v. State*, No. 49A02-0508-CR-778. Dkt. 10-5. Mr. Dale did not petition for transfer to the Indiana Supreme Court. Dkt. 10-2.

Mr. Dale then made several attempts to complete state post-conviction relief proceedings, but to date, he has not completed one round of post-conviction review. Mr. Dale's first PCR petition pended from February 1, 2007, until January 29, 2013, when the post-conviction court granted his motion to withdraw the first petition without prejudice. Dkt. 10-1 at 9. He filed a second PCR petition on June 17, 2014, later amended it, and then the state post-conviction court granted Mr. Dale's motion to withdraw his second petition without prejudice on May 18, 2016. Dkt. 10-6 at 5. He filed a third PCR petition on July 7, 2016, which pended through May 9, 2017, when he moved to withdraw the third petition without prejudice, and the state post-conviction court granted the motion. Dkt. 10-7 at 1-2.

Mr. Dale filed a successive PCR petition on May 17, 2017, and the Indiana Court of Appeals denied permission for it on June 23, 2017. Dkt. 10-8 at 1-2. Because Mr. Dale had not yet completed post-conviction proceedings, this step was unnecessary. *See* Ind. Post-Conviction Rule 1(12).

Mr. Dale then sought relief from this Court in 2019, but his petition was dismissed without prejudice for failure to exhaust his state court remedies. *See Dale v. State of Ind.*, No. 2:19-cv-

00492-JRS-MJD (Jan. 24, 2020).[2] Shortly after this Court's decision, Mr. Dale filed his fourth PCR petition on February 5, 2020, and the state post-conviction court denied his petition on June 14, 2021. Dkt. 10-9 at 1-6. Mr. Dale filed an appeal that was initially dismissed with prejudice but was then reinstated in June 2022. *Id.* To date, Mr. Dale's appeal is still pending in the state post-conviction court.[3] *See* dkt. 10-10 at 1-10.

### B. Time Barred

Unlike in Mr. Dale's prior petition before this Court in 2019, the respondent seeks to dismiss this action with prejudice because it is barred by the statute of limitations. Dkt. 10.

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress revised several statutes governing federal habeas relief as part of AEDPA. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). "Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)). To the extent applicable, 28 U.S.C. § 2244(d)(1)(C) provides that a state prisoner "has one year to file a habeas petition based on a

---

[2] In its order dismissing Mr. Dale's § 2254 petition on January 24, 2020, the Court noted that "[a]lthough Dale filed the instant petition after the statute of limitations had passed, the respondent did not seek dismissal with prejudice. This may be because Mr. Dale has asserted his innocence, and petitioners who make a "gateway" showing of innocence may avoid the effect of 28 U.S.C. § 2244(d)." *Dale*, No. 2:19-cv-00492-JRS-MJD, dkt. 11 at 3, n.1 (citing *McQuiggin v. Perkins*, 569 U.S. 383, 394-97 (2013)).

[3] Docket available at https://public.courts.in.gov/mycase/#/vw/Search (last visited Mar. 1, 2023).

newly recognized constitutional right made retroactively applicable by the Supreme Court to collateral review."

Mr. Dale's one-year limitations period has expired. His conviction became final when, after his direct appeal, he did not file a petition for transfer to the Indiana Supreme Court by the deadline of August 14, 2006. *See* Ind. R. App. P. 56(C) (providing 30-day window to file a petition for transfer after an adverse decision by the Indiana Court of Appeals); *see also Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012) ("[W]ith respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires."). Therefore, the one-year period of limitation began running on August 15, 2006, and it continued to run until Mr. Dale filed his first petition for post-conviction relief February 1, 2007 (a lapse of 170 days, with 195 days remaining). A limitations period is tolled during the time in which the petitioner has pending "a properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). The limitations period resumed running on January 29, 2013, when Mr. Dale's motion to withdraw his first PCR petition without prejudice was granted. He did not file his second PCR petition until June 17, 2014, allowing more than 500 days to lapse between his first and second PCR petitions, and thus, ultimately exceeding the one-year statute of limitations period.

Actual innocence is an equitable exception that excuses an untimely petition. *McQuiggin*, 569 U.S. at 386 (2013); *see also Gladney*, 799 F.3d at 895. To satisfy the exception, an actual innocence claim must be both credible and founded on new evidence. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). To be credible, the claim must have the support of "reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Id.* That evidence must also be new in the sense that it was not before the trier of fact. *Id.*; *Gladney*,

799 F.3d at 896, 898. The petitioner's burden is to show that, in light of this new evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 327.

The respondent correctly acknowledges that Mr. Dale "drops the phrases 'actual innocence' and 'miscarriage of justice' in his petition, but he uses the phrases in the context of ineffective assistance of counsel," and "does not contend that he can pass through the narrow actual-innocence getaway to excuse his time bar." Dkt. 10 at 5. The respondent argues in its motion to dismiss that because Mr. Dale's petition is time barred and the actual innocence gateway is closed, the Court should dismiss the action with prejudice. *Id.*

Mr. Dale submitted filings in response, dkts. 11 and 12, generally stating that he does have new reliable evidence that he is actually innocent to pass through the narrow gateway and that he "can and will show a credible claim[.]" But it is unclear to the Court what specific new evidence Mr. Dale references. Indeed, Mr. Dale appears to seek leave to amend his petition to argue actual innocence.[4] *See* dkt. 15.

But, the Court does not construe Mr. Dale's filing, dkt. 15, as a sufficient motion for leave to amend his petition. Rule 2(c) of the Rules Governing Habeas Corpus Cases instructs the petitioner to "specify all the grounds for relief available to [him]" and to "state the facts supporting each ground." *Mayle v. Felix*, 545 U.S. 644, 649 (2005) (quoting Rule 2(c)). "By statute, Congress provided that a habeas petition 'may be amended . . . as provided in the rules of procedure applicable to civil actions.'" *Id.* (quoting 28 U.S.C. § 2242). Rule 15 of the Federal Rules of Civil

---

[4] The Court further notes that Mr. Dale's motion, dkt. 15, indicates that he filed a § 2254 petition for a writ of habeas corpus on December 15, 2022 "to excuse his time bar." It appears that petition was received and docketed in a new action, *Dale v. State of Ind.*, case no. 2:22-cv-00569-JMS-MG (dockets 1 and 6). This Order makes no ruling on that subsequent action. To the extent that Mr. Dale intended the filings in that action to be docketed in this action to argue that his actual innocence excuses his time barred petition, the Court makes clear that it must resolve this action on exhaustion grounds.

Procedure is applicable to habeas petitions. *Id.* The petitioner must also comply with this Court's Local Rules. S.D. Ind. L.R. 1-1(b) (these rules "govern all civil cases[.]"). Mr. Dale's motion is deficient because it is not accompanied by a "signed proposed amended pleading as amended." *See* S.D. Ind. L.R. 15-1(a) and (b). Therefore, to the extent that Mr. Dale seeks to amend his petition in this action, dkt. [15], his request is **DENIED** because his motion is incomplete. More importantly, any request Mr. Dale makes to amend his petition to argue that his actual innocence overcomes his time barred petition, is further **DENIED because such amendment would be futile.** As the Court will further discuss in the next section, the Court need not consider whether Mr. Dale could establish his burden of actual innocence such that his petition should be considered on the merits of his raised grounds, because Mr. Dale cannot overcome failing to first exhaust his administrative remedies in state court.

### C. Exhaustion

Before seeking habeas corpus review in federal court, a petitioner must exhaust his available state remedies. 28 U.S.C. § 2254(b)(1). To satisfy the statutory exhaustion requirement, a petitioner must "fairly present his federal claim to the state courts through one complete round of state court review, whether on direct appeal or in post-conviction proceedings." *Whatley v. Zatecky*, 833 F.3d 762, 770-71 (7th Cir. 2016). The interests of comity and federalism dictate that state courts have the first opportunity to correct constitutional violations that occurred in state court proceedings before a petitioner proceeds to federal court. *Rhines v. Weber*, 544 U.S. 269, 273-74 (2005).

Because Mr. Dale's post-conviction proceedings are still pending, he still has the opportunity to assert his ineffective assistance of counsel claims in state court. *See* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the

courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented."). The Court agrees with the respondent's alternative request for relief that the appropriate disposition of this case is a dismissal without prejudice. *See Dolis v. Chambers*, 454 F.3d 721, 724-25 (7th Cir. 2006) The Court cannot rule on the merits because Mr. Dale's ineffective assistance of counsel claims will depend on the state post-conviction record which does not yet exist. Rather, he argues that the appeals court has ordered transcripts to complete the record many times and deadlines for those to be filed have not been met. Dkt. 11 at 2-3. He claims the "only reason [his] case is still in the [Indiana] Court of Appeals is due to the State of Indiana, and the lower courts, not complying with court orders." *Id.* at 4, 6. Specifically, Mr. Dale indicates that the court reporter has failed to file his post-conviction relief transcript three times. Dkt. 12 at 2-3; *see also* dkt. 13 (Mr. Dale's "motion/notice Rule 23. Custody or Release of a Prisoner in a Habeas Corpus Proceeding" discusses issues with the court reporter's submission of requested transcript); dkt. 13-1 (Ind. Ct. App. Sept. 2, 2022, order directing filing of transcript).

To the extent Mr. Dale argues that his failure to exhaust should be excused due to delays in his pending post-conviction relief proceedings, his argument is unavailing. Failure to exhaust may be excused only where "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). Neither exception applies here.

In some circumstances, inordinate delay may render a state court process ineffective to protect the rights of the applicant. *See Carter v. Buesgen*, 10 F.4th 715, 721 (7th Cir. 2021) (petitioner excused from exhaustion where state proceedings were "at a standstill [. . .] and show[ed] no sign of going anywhere anytime soon"). That is not the case here. To date, the online docket for case 21A-PC-01694 indicates that on November 22, 2022, a notice of completion of

transcript was filed and his post-conviction appeal remains pending.[5] And, the state court must have the first opportunity to decide the merits of Mr. Dale's claims.

Staying the petition and holding it in abeyance while Mr. Dale exhausts his claims in state court is inappropriate here. Stay and abeyance is called for where "there was good cause for the petitioner's failure to exhaust his claims first in state court" and the petitioner's unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 277.

Mr. Dale has not explained why he did not litigate to completion his first, second, or third PCR actions. Mr. Dale does not dispute that the appeal in his now fourth PCR petition is still pending. Further, the dismissal of Mr. Dale's petition on exhaustion grounds does not make him "run the risk of forever losing [his] opportunity for any federal review of [his] unexhausted claims," because as the Court previously discussed, he has already missed the one-year statute of limitations imposed by 28 U.S.C. § 2244(d)(1). *Rhines*, 544 U.S. at 277.

## II. Conclusion and Petitioner's Pending Motions

In summary, Mr. Dale has not exhausted his remedies in state court, and he has not provided justification for his failure to do so. His post-conviction appeal is still proceeding as an avenue for him to pursue his ineffective assistance of trial counsel grounds, which are the only issues he presented in his petition. Accordingly, the respondent's motion to dismiss, dkt. [10], is **GRANTED**, and the petition is **DISMISSED without prejudice**. Final Judgment consistent with this Order shall now issue.

Mr. Dale's motion/notice to court, dkt. [13], motion to respond to writ of habeas corpus, dkt. [14], and motion for leave to amend, dkt. [15], are **DENIED**.

---

[5] Docket available at https://public.courts.in.gov/mycase/#/vw/Search (last visited Mar. 1, 2023).

### III. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a claim is resolved on procedural grounds (such as failure to exhaust), a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim and about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts require the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Here, no reasonable jurist could disagree that Mr. Dale has failed to exhaust his available state court processes. Therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

Date: 3/3/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JEREMY L. DALE
978604
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Jesse R. Drum
INDIANA ATTORNEY GENERAL
jesse.drum@atg.in.gov

9